CHICAGO—FIRST DISTRICT—APRIL, 1914.    13

Falls City Tannery v. W. D. Allen Mfg. Co., 186 Ill. App. 13.

## Falls City Tannery, Appellee, v. W. D. Allen Manufacturing Company, Appellant.

### Gen. No. 18,922.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed March 5, 1914. Rehearing denied April 10, 1914.

### Statement of the Case.

Action by Falls City Tannery, a Kentucky corporation, against W. D. Allen Manufacturing Company, an Illinois corporation, to recover a balance claimed to be due for belt butts sold and delivered under a contract entered into between the parties. From a judgment entered in favor of plaintiff on a directed verdict, defendant appeals.

UNDERWOOD & SMYSER, for appellant; CHARLES R. YOUNG and ARTHUR A. BASSE, of counsel.

G. W., H. W. & R. W. WOODBURY, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 330*—when direction of verdict for plaintiff improper. In an action to recover a balance due for belt butts sold and delivered to defendants, defendant set up in an affidavit of merits and urged upon the trial as a defense that plaintiff, with intent to defraud defendant, knowingly and wilfully loaded, charged or treated the belt butts with large quantities of glucose for the purpose of wrongfully increasing their weight. At the close of defendant's case the court instructed the jury to return a verdict for the plaintiff. Held that a direction of a verdict for plaintiff was error, where the testimony introduced on behalf of defendant tended to show that it could not be determined from an inspection that the butts con-

. *See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

tained glucose; that the president of plaintiff Company represented that they had not been loaded or doped, but as a matter of fact he had knowledge that glucose had been applied to them; and that there was shrinkage in weight after the butts were "curried" owing to their containing large quantities of glucose.

2. SALES, § 241*—*when rule of caveat emptor applies.* "The rule of *caveat emptor* only applies to defects which are open and patent to the senses and does not apply in cases of positive fraud or misrepresentation by the vendor as to a material fact, where the purchaser, acting with reasonable prudence, had a right and did rely upon the representation."

3. TRIAL, § 862*—*rule as to directing verdict.* Where there is in the record any evidence from which, if it stood alone, the jury could, without acting unreasonably in the eye of the law, find that all the material averments of the declaration had been proved, then the cause should be submitted to the jury. The same rules are applicable where the defendant introduces evidence tending to support an affirmative defense to the plaintiff's cause of action and the plaintiff, at the close of defendant's evidence, moves for a directed verdict in his favor.

4. CONTRACTS, § 337*—*remedies of person fraudulently induced to enter into a contract.* "A person who has been fraudulently induced to enter into a contract may repudiate the contract and tender back what he has received under it, may recover what he has parted with or its value, or he may affirm the contract, keeping what he has derived under it, and recover in an action of deceit the damages caused by the fraud. And moreover, if sued upon the contract he may set up the fraud as a defense, or as a basis of a claim for damages by way of recoupment or counterclaim."